**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

JERRI RIDDLE, individually and :
on behalf of others similarly :
situated, :
 :
    Plaintiff, : CIVIL ACTION NO.
 : 1:08-CV-1411-RWS
v. :
 :
SUNTRUST BANK, :
 :
    Defendant. :

## **ORDER**

This case is before the Court for consideration of Plaintiff's Motion for Conditional Collective-Action Certification and for Court-Approved Notice to the Collective Action Class ("Motion for Cond. Cert.") [24-1]. After considering the entire record, the Court enters the following Order.

I. **Background**

Plaintiff Jerri Riddle was employed by SunTrust Bank as a Client Technology Specialist 4 Senior Technician ("CTS 4-ST") from approximately 2005 to 2008.[1] (Plaintiff's Memorandum in Support of Motion (" Pl.'s Memo")

---

[1] The Plaintiff refers to her position as a CTS 4, while Defendant asserts that the proper title for Plaintiff's position is CTS 4 Senior Technician. (Defendant's Response in Opposition to Plaintiff's Motion ("Def.'s Response"), at 5). Defendant

[24-3] at 4). Plaintiff claims that she worked more than 40 hours per week in some weeks of her employment and was not paid overtime. (Id. at 5). The Fair Labor Standards Act ("FLSA") requires that employers pay time-and-a-half for hours a non-exempt employee works in excess of forty. 29 U.S.C. § 207(a)(1).

Plaintiff brings this action on behalf of herself and others similarly situated seeking unpaid wages, liquidated damages, costs, and attorneys' fees pursuant to the FLSA, 29 U.S.C. § 201, et seq. The class that Riddle seeks to represent is composed of

> all current and former [CTS 4-ST] and Client Technology Specialist 4 - Subject Matter Expert [("CTS 4-SME")] employees . . . who were not paid overtime by SunTrust Bank for work hours over 40 in a work week at the rate of one and one-half times their regular rate of pay, and who were paid less than $100,000 per calendar year.

(Pl.'s Memo at 2). Plaintiff seeks to have the class conditionally certified and notice sent to putative class members.

II. **Discussion**

The FLSA authorizes collective actions, stating:

---

asserts that two subclassifications exist within the CTS 4 job classification - CTS 4 Subject Matter Experts ("CTS 4-SME") and CTS 4 Senior Technicians. This Court will use CTS 4 to refer to the job classification generally and the terms CTS 4-ST or CTS 4-SME to refer to the individual subclasses of CTS 4 employees.

2

> An action ... may be maintained against any employer ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed with the court in which such action is brought.

29 U.S.C. § 216(b). This Court, in its discretion, may authorize the sending of notice to potential class members in a collective action. Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165, 169-170, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989); Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1219 (11th Cir. 2001); Haynes v. Singer Co., 696 F.2d 884, 886-87 (11th Cir. 1983).

The Eleventh Circuit suggests a two-tiered approach to class certification in FLSA cases. "The first determination is made at the so-called 'notice stage.' At the notice stage, the district court makes a decision – usually based only on the pleadings and any affidavits which have been submitted – whether notice of the action should be given to potential class members." Hipp, 252 F. 3d at 1218. "The second determination is typically precipitated by a motion for 'decertification' by the defendant usually filed after discovery is largely complete and the matter is ready for trial." Id. This case is before the Court for the "first determination" of class certification. At this stage, the "determination is made using a fairly lenient standard, and typically results in 'conditional

3

certification' of a representative class." Id. "[P]laintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members." Id. (quoting Grayson v. K-Mart Corp., 79 F.3d 1086, 1096 (11th Cir. 1996)). Before granting conditional certification, the court should determine: (1) whether employees sought to be included in the putative class are similarly situated with respect to their job requirements and pay provisions; and (2) whether there are other employees who wish to opt-in to the action. Dybach v. State of Fla. Dept. of Corrections, 942 F.2d 1562, 1567-68 (11th Cir. 1991).

A.  Similarity of employment positions of putative class members.

Plaintiff bears the burden of establishing that she is similarly situated with the group of employees she wishes to represent. Grayson, 39 F. 3d at 1096. The burden on Plaintiff, however, is not a heavy one. As noted above, the standard is fairly lenient and Plaintiff is not required to prove that she and the putative class members held identical positions, but only similar positions. See Hipp, 252 F.3d at 1217; Grayson, 79 F.3d at 1095-96 (holding that "the 'similarly situated' requirement of § 216(b) is more elastic and less stringent than the requirements" for joinder and severance) .

Plaintiff asserts that putative class members are similarly situated in regards to their primary job responsibilities and were subject to the common

4

practice of not receiving overtime pay for hours worked over 40 in a week in violation of the FLSA. (Pl.'s Memo at 11). Plaintiff maintains that both CTS 4-STs and CTS 4-SMEs were computer trouble-shooters for SunTrust that exercised no independent judgment and no executive or administrative responsibility. (Id. at 1). Plaintiff and Opt-In Plaintiff Curtis both maintain that their primary responsibilities were to decommission old equipment, maintain records for inventories, repair hardware, install telephones, relocate equipment, provide computer and server support, and provide installation and support of network and communication equipment. (Riddle Dec. [24-4] ¶ 4; Curtis [24-5] ¶ 4).

Defendant strongly disagrees that the putative class members (CTS 4-STs and CTS 4-SMEs) had the same job responsibilities. (Def.'s Response at 13). Defendant states that "Plaintiff and putative class members were generally responsible for providing high-level technical support services to the Bank as needed, in addition to other duties that varied based on the individual." (Id. at 4). It is based on these various "other duties" that Defendant claims Plaintiff and the putative class members are not similarly situated. While both STs and SMEs had a core set of computer and technology skills, SMEs each had a particular area of expertise that impacted their additional job duties, while STs

5

each had special expertise in a non-technical area. (Id. at 5-6). Furthermore, CTS 4s were divided into two subgroups, those who primarily worked in SunTrust Bank branches and those who worked in non-branch environments. (Id. at 7). Also, the work of any given CTS 4 was impacted by his or her particular geographic region, as the total number of lower level CTS employees and the overall skill set of these employees varied by region, thus impacting the daily responsibilities of the CTS 4s in each region. (Id.).

Defendant's contentions that CTS 4s have different higher level responsibilities beyond the core technical services they provide are not sufficient at this stage to demonstrate that Plaintiff is not similarly situated to the putative class members. See Grayson, 79 F.3d at 1099 n.17 (plaintiffs allegations were sufficient to warrant conditional class certification despite defendant's substantial allegations to the contrary supported by affidavits and depositions). In Hipp, the defendant argued that each plaintiff's case was unique and would require an individual analysis of his or her specific working conditions, yet the Court conditionally certified a class because "[p]laintiffs in [that] case all held the same job title, and they all alleged similar . . . treatment." 252 F.3d at 1219. At the notice stage, "variations in specific duties, job locations, working hours, or the availability of various defenses are examples of

6

factual issues that are not considered at this stage." Scott v. Heartland Home Fin., Inc., No. 1:05-CV-2812-TWT, 2006 WL 1209813, at *3 (N.D. Ga. May 3, 2006) (citing Pendlebury v. Starbucks Coffee Co., Case No. 04-80521, 2005 WL 84500, at *3 (S.D.Fla. Jan. 3, 2005) (factual matters regarding the applicability of exemptions to employees not appropriate at notice stage); Moss v. Crawford & Co., 201 F.R.D. 398, 410 (W.D. Pa. 2000) ("[V]ariations in the plaintiffs' duties, job locations and hourly billing rates do not differentiate the collective basis of the class to the extent that it defeats the primary objectives of a § 216(b) action.")).

Defendant also argues that in addition to not being similarly situated, each CTS 4 "would likely qualify as exempt [from overtime pay requirements] under the FLSA based on the administrative exemption, the computer employee exemption, or both."[2] (Def.'s Reponse at 20). Plaintiff argues that while Defendant claims CTS 4s are, or may be, properly classified as exempt, it does not explain the legal basis for this conclusion. (Plaintiff's Reply Memorandum ("Pl.'s Reply") at 1, 3).

---

[2] An earlier Department of Labor audit of one SunTrust office did find that one CTS 4 employee was properly classified as exempt. (Id. at 2).

7

CTS 4s may in fact be exempt, but Defendant has not yet demonstrated why CTS 4s should be classified as exempt under the FLSA.[3] However, even if CTS 4s are properly exempt and Defendant's nonpayment of overtime wages was lawful, the Court does not determine the legality of Defendant's practice at this stage of the litigation. This Court does not evaluate the merits of the claim at this point, but only determines whether Plaintiff has shown she is similarly situated to the putative class members. Lugo v. Farmer's Pride, Inc., No. 07-CV-00749, 2008 WL 638237, at *3 (E.D. Pa. Mar. 7, 2008). The appropriate time to address issues of individual differences between putative class members and whether any particular individual is exempt is after the completion of discovery and during the second stage of the certification determination. Scott, 2006 WL 1209813, at *3 (citing Kreher v. City of Atlanta, No. 1:04-CV-2651-WSD, 2006 WL 739572, at *4 n. 8 & 9 (N.D. Ga. Mar. 20, 2006) (issues of individualized nature of employees' claims, although potentially meritorious, should be considered during second stage of analysis); Clarke v. Convergys

---

[3] Section 213 of the FLSA lists several exemptions to the minimum wage and maximum hour requirements. 29 U.S.C. § 213. However, these exemptions "are to be construed narrowly" and it is the employer's burden to establish that it is entitled to an exemption. Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1156 (11th Cir. 2008) (citing Evans v. McClain of Ga., Inc., 131 F.3d 957, 965 (11th Cir. 1997)).

8

Customer Mgmt. Group, Inc., 370 F.Supp.2d 601, 607 (S.D.Tex.2005) (individualized factual issues should be considered during second-stage analysis, not initial "notice" stage); Reab v. Electronic Arts, Inc., 214 F.R.D. 623, 627 (D.Colo.2002) (factors such as "disparate factual and employment settings of the individual plaintiffs" and "various defenses available to defendant which appear to be individual to each plaintiff" are considered during the second, and stricter, stage of the similarly-situated analysis); Moss, 201 F.R.D. at 409-10 (same)).

In applying the lenient standard appropriate at the notice stage, the Court is satisfied that Plaintiff is similarly situated to other CTS 4s.

B.   Sufficiency of interest by other employees in the lawsuit.

While Plaintiff has demonstrated that she is sufficiently situated to the putative class members under the lenient standard appropriate at the notice stage, she must also demonstrate that other employees wish to opt-in to the action before this Court may grant conditional certification. Dybach, 942 F.2d at 1567-68. So far, three opt-in plaintiffs have joined the Plaintiff in this suit.[4] The Defendant maintains that given the length of time since Plaintiff filed this

---

[4] Steven Curtis [2-1], Christopher Dowless [27-2], and Warren Hughes [27-3], filed consent notices with this Court to join Plaintiff's lawsuit.

9

suit, the existence of a previous action against Defendant concerning similar employees, and Plaintiff's efforts to publicize the existence of the suit, having only three opt-in plaintiffs is insufficient to demonstrate that other putative class members are interested in joining the lawsuit. (Def.'s Response at 23-25). Defendant cites cases in which courts have found two to four opt-in plaintiffs to be insufficient to demonstrate the interest necessary to conditionally certify a class. (See id.). Plaintiff responds that three opt-ins is sufficient to demonstrate the necessary interest in the suit, arguing that as a percentage, Plaintiff and the three opt-ins represent a significant portion of the putative class. (Pl.'s Reply at 9 (stating that Plaintiff and three opt-ins may represent 22 percent of the class)). Since actual notice has not been sent to putative class members who may be spread over a wide geographic area,[5] the Court is satisfied that three opt-in plaintiffs at this point sufficiently demonstrates an interest by other employees to opt-in to the suit.

Plaintiff has demonstrated the necessary showing at this notice stage that she is similarly situated to other CTS 4s and that other CTS 4s wish to opt-in to the case. See Dybach, 942 F.2d at 1567-68. The Court is cognizant that

---

[5] SunTrust operates 1700 banks across the Southeastern United States. (Defendant's Answer [4] ¶ 7).

10

AO 72A
(Rev.8/82)

certification of collective actions in an FLSA case is based on a theory of judicial economy by which "[t]he judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged . . . activity." Barten v. KTK & Assocs., Inc., No. 8:06-CV-1574-T-27EAJ, 2007 WL 2176203, at *1 (M.D. Fla. July 26, 2007) (quoting Hoffman-LaRoche, Inc., 493 U.S. at 170). The Court believes that efficiencies can be realized by trying this case as a collective action, even if a final determination on the merits requires some factual determinations individual to each opt-in plaintiff. Should Defendant move for decertification following discovery, the Court will revisit the certification issue and make a final determination as to whether the similarly situated requirement has been met. Nevertheless, at this stage, the Court will permit the Plaintiffs to send notice of opt-in rights to potential members of the class.

### III. **Conclusion**

Plaintiff's Motion for Conditional Certification is hereby **GRANTED**. The Class shall be defined as follows:

> All current and former SunTrust Bank employees who worked as a Client Technology Specialist 4, and/or Client Technology Specialist 4 - Senior Technician, and/or Client Technology Specialist 4 - Subject Matter Expert from October __, 2006 [3 years prior to

11

> the mailing date] to October __, 2009 [the mailing
> date], who were not paid overtime by SunTrust Bank
> for work hours over 40 in a work week at the rate of
> one and one-half times their regular rate of pay, and
> who were paid less than $100,000.00 per calendar
> year.

Plaintiff submitted a Notice of Lawsuit (Motion for Cond. Cert., Ex. 2) to be sent to potential members of the class, and Defendant filed Notice of Objection to Plaintiff's Proposed Notice [29]. Plaintiff submitted a revised Notice of Lawsuit (Pl.'s Reply, Ex. 5), addressing some of Defendant's objections. The Court has reviewed the submissions and finds that a Notice consistent with the Notice attached to this Order as Exhibit "A" should be sent to prospective class members. Defendant shall provide to Plaintiff, within five (5) days of the entry of this Order, the names and last known addresses of all CTS 4 employees employed by Defendant during the three (3) years preceding this Order in an electronic format so that Plaintiff may send notice to them.

**SO ORDERED**, this __29th__ day of September, 2009.

_/s/ Richard W. Story_
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

12

**EXHIBIT "A"**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JERRI RIDDLE, individually and on behalf of others similarly situated, | : : : |
| Plaintiff, | : : |
| v. | : CIVILACTION NO. : 1:08-CV-1411-RWS : |
| SUNTRUST BANK, | : : |
| Defendant. | : : |

**TO**: **All current and former SunTrust Bank employees who worked as a Client Technology Specialist 4, and/or Client Technology Specialist 4 - Senior Technician, and/or Client Technology Specialist 4 - Subject Matter Expert from October __, 2006 [3 years prior to the mailing date] to October __, 2009 [the mailing date], who were not paid overtime by SunTrust Bank for work hours over 40 in a work week at the rate of one and one-half times their regular rate of pay, and who were paid less than $100,000.00 per calendar year.**

## NOTICE OF LAWSUIT WITH OPPORTUNITY TO JOIN

The purpose of this legal notice is to inform you that a lawsuit has been filed against SUNTRUST BANK for unpaid overtime wages, and that you may be eligible to join the lawsuit. You may join the lawsuit because the Court found you are similarly situated to the person who initially brought the lawsuit.

This notice advises you on how your rights may be affected by this lawsuit and how you may participate in this lawsuit if you decide that you want to participate in it.

**The Court has not reached any decision on the merits of the case.**

1

## 1. DESCRIPTION OF THE LAWSUIT

Plaintiff Jerri Riddle filed this lawsuit against SUNTRUST BANK on April 14, 2008. She alleges that SUNTRUST BANK violated the Federal Fair Labor Standards Act by not paying eligible employees overtime compensation at the rate of time and one-half for all hours worked in excess of 40 hours in a work week. The lawsuit is seeking back pay and liquidated damages (a payment equal to the amount of unpaid wages that may be awarded under certain circumstances under the Federal Fair Labor Standards Act for workers not paid overtime correctly) for eligible employees, as well as costs and attorneys' fees. SUNTRUST BANK denies the claims and has asserted various defenses.

## 2. WHO MAY JOIN THE LAWSUIT

The named Plaintiff seeks to sue on behalf of herself and also on behalf of other employees with whom she is similarly situated. Specifically, the Plaintiff seeks to sue on behalf of all current and former SunTrust Bank employees who worked as a Client Technology Specialist 4, and/or Client Technology Specialist 4 - Senior Technician, and/or Client Technology Specialist 4 - Subject Matter Expert after October ___, 2006 [3 years prior to the mailing date], who were not paid overtime by SunTrust Bank for work hours over 40 in a work week at the rate of one and one-half times their regular rate of pay, and who were paid a salary of less than $100,000.00 per year.

## 3. ACTION TO TAKE IF YOU WANT TO JOIN THIS LAWSUIT

It is entirely your decision whether to join this lawsuit. If you fit within the definition of the class members described above, you may join this case (that is, you may "opt-in") by

completing and mailing the attached "CONSENT TO BE PARTY PLAINTIFF" form to the plaintiffs' counsel at following address:

DAN GETMAN
GETMAN & SWEENEY, PLLC
9 Paradies Lane
New Paltz, NY 12561
845.255.9370 (phone) / 845.255.8649 (facsimile)
Email: dgetman@getmanlaw.com / Website: www.getmanlaw.com

**The form must be received by Plaintiff's counsel within sixty (60) days from the date of this Notice.** If you fail to return the Consent To Be Party Plaintiff, you may not be able to participate in this lawsuit.

### 4. EFFECT OF JOINING THIS LAWSUIT

If you choose to join in this lawsuit, you will be bound by the Judgment for this lawsuit, whether it is favorable or unfavorable. While this lawsuit is proceeding, you may be required to provide information and documents, or otherwise participate in this action. You are not required to have records of your hours in order to participate.

If you submit a consent form, your continued right to participate in this action will depend upon a later decision by the Court that you and the named Plaintiff are "similarly situated" in accordance with applicable laws and that it is appropriate for this case to proceed as a collective action.

The attorneys for the Plaintiff are being paid on a contingency fee basis, which means that if there is no recovery there will be no attorneys' fee. If there is a recovery, the attorneys for the class will receive a part of any settlement obtained or money judgment entered in favor of all members of the class.

3

If you sign and return the Consent to be Party Plaintiff form attached to this Notice, you are agreeing to enter an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

The Court will retain jurisdiction to determine the reasonableness of any contingency attorneys' fee agreement entered into by the Plaintiff with counsel, and to determine the adequacy of the Plaintiff's counsel.

You may also join this lawsuit by retaining another lawyer of your own choosing. If you do so, your attorney must file an "opt-in" consent form within 60 days of the date of this Notice. The address of the Court is: U.S. District Court Northern District of Georgia, 2121 Richard B. Russell Federal Building and United States Courthouse, 75 Spring Street, S.W., Atlanta, GA 30303-3309. The phone number of the Clerk of the Court is (404) 215-1660. The Clerk cannot give legal advice about this case.

### 5. <u>ACTION TO TAKE TO STAY OUT OF THE LAWSUIT</u>

If you do not wish to be part of the lawsuit, you do not need to do anything. If you do not join the lawsuit, you will not be part of the lawsuit in any way and will not be bound by or affected by the result of the lawsuit (whether favorable or unfavorable). Your decision not to join this lawsuit will not affect your right to bring a similar lawsuit on your own at a future time. However, claims under the Fair Labor Standards Act must be brought within two (2) years of the date the claim accrues, unless the employer's violation of the law was "willful," in which case the claim must be brought within three (3) years.

### 6. <u>NO RETALIATION PERMITTED</u>

Federal law prohibits the Defendant from discharging or in any other manner

discriminating against you because you "opt-in" to this case, or in any other way exercise your rights under the Fair Labor Standards Act.

### 7. **YOUR LEGAL REPRESENTATION IF YOU JOIN**

If you choose to join this lawsuit, and agree to be represented by plaintiffs' attorneys, your counsel in this action will be:

| | |
|---|---|
| DAN GETMAN | ALAN H. GARBER |
| GETMAN & SWEENEY, PLLC | Georgia Bar No. 283840 |
| 9 Paradies Lane | MARC N. GARBER |
| New Paltz, NY 12561 | Georgia Bar No. 283847 |
| 845.255.9370 (phone) | THE GARBER LAW FIRM, P.C. |
| 845.255.8649 (facsimile) | 4994 Lower Roswell Road, Suite 14 |
| Email: dgetman@getmanlaw.com | Marietta, Georgia 30068 |
| Website: www.getmanlaw.com | 678.560.6685 (phone) |
| | 678.560.5067 (facsimile) |
| | Email: ahgarber@garberlaw.net |

### 8. **FURTHER INFORMATION**

If you have questions or would like more information about this notice or lawsuit, or if you want to know more about the deadline for filing a Consent to be Party Plaintiff please contact one of Plaintiffs' attorneys at the telephone number and address stated in Paragraph 7 above.

Dated: [insert date notice is mailed]

5

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| JERRI RIDDLE, individually and on behalf of others similarly situated, | : : : | |
| Plaintiff, | : : | |
| v. | : : : | CIVIL ACTION NO. 1:08-CV-1411-RWS |
| SUNTRUST BANK, | : : | |
| Defendant. | : : | |

### **CONSENT TO BE PARTY PLAINTIFF**

       I am a current or former employee of Defendant who worked as a Client Technology Specialist 4, and/or Client Technology Specialist 4 - Senior Technician, and/or Client Technology Specialist 4 - Subject Matter Expert after October __, 2006 [3 years prior to the mailing date], who was not paid overtime by Defendant for work hours over 40 in a work week at the rate of one and one-half times my regular rate of pay, and was paid less than $100,000.00 per calendar year.

       I hereby consent to be a Plaintiff in this Fair Labor Standards Act case. I hereby consent to the bringing of any claims I may have under the Fair Labor Standards Act (for unpaid overtime, liquidated damages, attorney's fees, costs and any other relief) against the Defendant.

       I authorize Getman & Sweeney, PLLC and The Garber Law Firm, PC., and their successors and assigns, to represent me in this case. By signing and returning this consent to sue, I understand that, if accepted for representation, I will be represented by the above Law Offices, without prepayment of costs or attorneys' fees. I understand that if Plaintiff is successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment. I understand that the attorneys may petition the court for an award of fees and costs to be paid by Defendant on my behalf. If plaintiffs are successful, I agree that plaintiffs' attorneys shall receive the greater of their fees at their hourly rate or 1/3 of my gross settlement or judgment amount.

Dated: _____      Address: _____

Signature: _____      _____

Name (Please Print) _____      Phone: _____

E-mail:_____

**PLEASE RETURN THIS FORM WITHIN 60 DAYS, to:**
Getman & Sweeney, PLLC, 9 Paradies Lane, New Paltz, NY 12561 or fax it to (845) 255-8649